THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODNEY G. WATLAND, Defendant-Appellant.

(No. 71-75;

Third District—April 11, 1972.

Marilyn S. Barton, of Marseilles, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa, (Thomas R. Flood, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Rodney Watland, was indicted in two counts for the offenses of burglary and theft. He pleaded guilty to misdemeanor theft, a lessor included offense, and was sentenced by the Circuit Court of La Salle County to probation for three years with the special condition that the first thereof be spent in the Vandalia State Penal Farm.

Two assignments of error are urged on this appeal. First the defendant argues that the court improperly deprived him of his right to a hearing in mitigation and second that the sentence imposed was contrary to law.

The facts are undisputed. After defendant was arrested and indicted for the felonies of burglary and theft his counsel and an Assistant State's Attorney entered into extensive plea negotiations. The trial judge was not a party to the negotiations and no impropriety in the negotiations themselves is suggested.

At the hearing which resulted in the disposition of this case the Assistant State's Attorney disclosed to the court that negotiations had taken place and that pursuant to the negotiations an agreement had been reached. Under the agreement the defendant would be permitted to plead guilty to misdemeanor theft, the felony charges would be dropped and abandoned and a sentence recommendation of three years probation

with special condition of one year in the State Penal Farm would be made. After disclosing the plea agreement the State affirmed its intention of complying with the terms of the agreement. Defendant's attorney confirmed that the agreement was as disclosed by the State but nevertheless sought a hearing in mitigation claiming that waiver of such a hearing was not part of the plea agreement. Both parties in open court admitted such a waiver was not part of the agreement but the trial court determined and stated in open court that it would concur with the plea agreement but only if the defendant waived hearing in mitigation. It was the opinion of the court that since it was willing to accept the recommendation of the State's Attorney no hearing in mitigation was required and such a hearing could serve no useful purpose. Further, according to the court, if the defendant was unwilling to waive the hearing in mitigation then the court would reject the recommendation of the State's Attorney and the case would continue on the felony charges of burglary and theft. In order to afford the defendant ample time to consider the alternatives a recess was had and it appears that defendant and his counsel discussed the matter for a considerable period of time. When the hearing resumed the defendant stated that he waived any hearing in mitigation and at the time his counsel indicated that the defendant's desire to waive the hearing was contrary to her advice. Thereupon defendant's plea to misdemeanor theft was accepted by the court and the sentence of probation and incarceration was imposed.

■■ It is defendant's argument the trial court improperly limited his right to plead guilty by conditioning such right upon the waiver by defendant of his right to a hearing in mitigation. The matter of plea negotiations, the procedure and the result as affecting the outcome of a criminal case are all areas of development in view of our recent recognition of plea negotiations and its open disclosure as proper. As indicated in *People v. Talbot,* 2 Ill.App.3d 922, 274 N.E.2d 123, it is the present policy of the courts in accord with Supreme Court Rule 402 (d) to implement plea negotiations wherever not contrary to the interest of justice or a well settled principle of law. By voluntarily entering into a plea agreement the defendant affirms that the terms and conditions to which he has agreed represent a reasonable and acceptable disposition of the case. According to Supreme Court Rule 402 (d) (2), "If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea * * *." This rule contemplates that where there

has been a plea agreement and the same has been disclosed to the trial court the issue to be determined by the trial judge is whether he will concur in the conditions of the agreement. Whether supporting evidence is either required or appropriate must be directed toward this issue. If the trial judge unconditionally concurs in the "specific sentence" and the dismissal of "other charges" the defendant has received the full benefit of the plea negotiation procedure and under such circumstances a waiver of hearing in aggravation and mitigation is not required.

■■ There is no question but that the nature of the offenses was fully disclosed to the defendant and the court was well aware of the reasons for the plea arrangements. They included the defendant's youth, opportunity for rehabilitation as well as the lesser effect of a misdemeanor conviction in contrast to a felony conviction. The defendant did waive the hearing in mitigation and whether the same be required or not his claim that such waiver was not voluntary can not be sustained. Apprehension of more serious consequences if the defendant availed himself of other alternatives is not coercion. Accordingly it is our conclusion that the defendant is not now entitled to have his case remanded for a mitigation hearing.

■■ We likewise believe that defendant's second assignment of error is without merit. The Sections of the Statute dealing with probation, Sections 117—1 and 117—2, Chap. 38, Ill. Rev. Stat. 1969, specifically provide for probation for a maximum period of five years with authority for a special condition of incarceration up to one year in an institution other than the penitentiary. Neither of these provisions is necessarily related to the maximum period of incarceration established for individual offenses. Although we doubt that a special condition of probation requiring incarceration in excess of the maximum period prescribed for the offense would be appropriate nevertheless this is not the question before us. The one year period of incarceration is not beyond the maximum prescribed for misdemeanor theft and the period of probation itself is not necessarily related to the maximum penalty described in the statute. Whether the court by establishing a special condition of probation of one year in the state penal farm has exhausted its power to imprison defendant for probation violation which might occur in the future is we believe immaterial since there may be other sanctions available and appropriate to secure compliance with the terms of probation. For the foregoing reasons the judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.