THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* SYLVESTER GOODWIN, Petitioner-Appellant.

(No. 56459; )

First District—May 16, 1972.

Victor G. Savikas and Friedman, Koven, Shapiro, Salzman, Koenigsberg, Specks & Homer, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Nicholas D. Taubert, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The issue in this appeal is whether petitioner was afforded effective assistance of counsel in his post-conviction proceeding.

In January, 1953, petitioner was one of three men indicted for two murders allegedly committed in Chicago on July 13, 1952. When the indictments were returned, petitioner was in federal custody on a charge that in August, 1952 he and four men robbed a bank in Brookhaven, Mississippi. Petitioner was later convicted and sentenced to serve

25 years in a federal prison. On April 30, 1961, he was brought to Cook County for trial of the 1953 murder indictments. The cause was continued; and on December 7, 1961, represented by counsel of his choice and being advised of his statutory and constitutional rights, he pled guilty to the two charges of murder. After a hearing in aggravation and mitigation, the court sentenced petitioner to serve two concurrent terms of 20 years. The record discloses that at the end of the hearing, in the presence of petitioner and his counsel, the trial judge said, "It is the order of this Court that this sentence will begin immediately after completion of the sentence in Atlanta and Leavenworth." Accordingly, petitioner was returned to prison where he finished his federal sentence on February 2, 1968. He was then delivered to Cook County authorities to begin serving the concurrent sentences imposed on December 7, 1961.

On or about February 25, 1970, petitioner, *pro se,* filed a post-conviction petition in which he alleged, among other things, that when he pled guilty to the two murder charges, his "[c]ounsel failed to raise the issues that the arrest Warrant was lodged against Appellant at the Atlanta Federal Penitentiary at Atlanta, Georgia in January, 1953, yet he was not returned until April 30, 1961 for Trial proceedings [sic]." The State moved to dismiss the petition on the ground (1), its allegations did not raise any constitutional question within the purview of the post-conviction hearing act; (2), in their broadest sense, the allegations were not sufficient to require a hearing; (3), petitioner was represented by counsel of his choice in the trial that led to his incarceration; and (4), his pleas of guilty waived all errors or irregularities not jurisdictional. The trial court appointed the public defender to represent petitioner. After a hearing, the State's motion was sustained and the petition dismissed. Neither before nor after the dismissal, did the public defender amend or attempt to amend the petition.

This fact forms the base of petitioner's argument that as an indigent who *pro se* sought post-conviction relief, he was denied effective assistance of counsel. He relies on *People v. Slaughter,* 39 Ill.2d 278, 235 N.E.2d 566, where a *pro se* petitioner established that after his post-conviction petition was dismissed, his court-appointed counsel did not consult with him nor assist in amending a petition which should have been amended. The Supreme Court held that an indigent petitioner for post-conviction relief is entitled to adequate representation with respect to his original petition and his motion to amend it.

■■ The doctrine of *Slaughter* has no application to this case. It is conceded by petitioner that his court-appointed counsel consulted with him. Petitioner, however, does not show how his petition could have been amended to state a case for post-conviction relief. Not every post-

conviction petition can be amended so as to avoid the legal defects in a petitioner's claim. For this reason, failure of a petitioner's counsel to amend a post-conviction petition does not, in itself, establish inadequate or incompetent respresentation. There must be a showing that the petition could be amended to state a case on which post-conviction relief can be granted. See *People v. Stovall,* 477 Ill.2d 42, 46, 264 N.E.2d 174; *People v. Gendron,* 41 Ill.2d 518, 520, 244 N.E.2d 149.

██ In the case before us, the facts in the record (and those alleged in the post-conviction petition) revealed that petitioner, with counsel of his choice, appeared at his trial and after being advised of his statutory and constitutional rights, voluntarily pled guilty to two charges of murder. A voluntary plea of guilty waives all non-jurisdictional errors. (*People v. Phelps,* 51 Ill.2d 35, 38, 280 N.E.2d 203; *People v. Brown,* 41 Ill.2d 503, 244 N.E.2d 159.) This being the controlling rule of law, the trial judge correctly sustained the State's motion and dismissed the post-conviction petition. No amendment, no matter how skillfully written, could overcome the fact that petitioner pled guilty to the offenses with which he was charged. Under these circumstances, there was nothing his court-appointed counsel could do. Therefore, we conclude that petitioner was afforded effective assistance of counsel in his post-conviction proceeding. The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.