THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LEROY WISDOM, Petitioner-Appellant.

(No. 56564;

First District—July 19, 1972.

John D. Moss, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and James A. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal was transferred to this court by the Supreme Court. The petitioner, Leroy Wisdom, appeals from an order entered in the Circuit Court of Cook County dismissing a post-conviction petition.

Petitioner Wisdom was indicted in 1963 for three separate offenses of armed robbery. On July 24, 1964, Wisdom indicated his desire to withdraw his pleas of not guilty and enter pleas of guilty to all three indictments. The record reflects the petitioner's guilty pleas were accepted only after the trial court had apprised the petitioner of the possible sentences he could receive and had ascertained from defense counsel that Wisdom fully understood the consequences of his guilty pleas. The trial court then sentenced Wisdom to serve concurrent sentences of eight years to eight years and one day on each of the three indictments. These sentences were to commence when Wisdom was released following completion of a sentence which he was already serving in New York.

In October, 1968, pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, sec. 122), Wisdom filed a *pro se* post-conviction petition requesting a new trial. The petition contained two contentions: that the trial court had not advised him of his right to appeal, and that the trial judge had improperly ordered his sentence to commence in Illinois following the expiration of the New York sentence. The State moved to dismiss the petition filed by Wisdom. Following appointment of counsel for the petitioner, the trial court heard arguments and dismissed the petition. This appeal arises from that dismissal.

■■ Petitioner Wisdom first contends his constitutional right to a trial by jury was violated because the record of prior trial did not indicate that the petitioner had waived his right to a jury trial or that he was advised of such right by the trial court. For these reasons Wisdom believes the court which reviewed his post-conviction petition should not have denied him a new trial. The basis for this belief is the holding of the United States Supreme Court in *Boykin v. Alabama* (1969), 395 U.S. 238. In *Boykin*, the court stated the trial judge had a duty to inform a defendant entering a plea of guilty of his right to a jury trial.

The petitioner herein entered a guilty plea in 1964. The law in Illinois at the time of petitioner's guilty plea was well settled that a plea of guilty waived trial of any kind and that it was not necessary to advise a defendant of his right to a trial by jury. Moreover, the decision of the Illinois Supreme Court in *People v. Williams* (1970), 44 Ill.2d 334, further strengthens this position when it refers to a defendant's right to a jury trial and states the criteria set forth in *Boykin v. Alabama, supra,* have only prospective application from the date of that decision in 1969. For these reasons, we disagree with the petitioner's contention that his constitutional right to a jury trial was violated, and that he is therefore entitled to a new trial.

The petitioner further contends he was denied due process of law in

that the trial court never advised him of his right to appeal. In his post-conviction petition, the petitioner claims he would have appealed from the sentences imposed by the trial court but did not, since he had not been advised of this right. Due to this fact, petitioner, in his post-conviction petition, requested a new trial.

● 2-5    Conclusionary statements, as those presented in the instant post-conviction petition, are not sufficient to require a hearing under the Post-Conviction Hearing Act. (*People v. Morris* (1969), 43 Ill.2d 124.) The Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, sec. 122—2), requires a petitioner seeking relief make a substantial showing that he was actually deprived of a constitutional right which resulted in conviction. The law in Illinois is quite clear that the failure to advise a defendant of his right to appeal does not raise a question of constitutional magnitude. Illinois Supreme Court Rule 605 (Ill. Rev. Stat. 1967, ch. 110A, sec. 605), which requires such advice, is based on the dictates of good practice rather than constitutional command, and the failure to give such advice is not a denial of due process. (*People v. Covington* (1970), 45 Ill.2d 105.) We again disagree with the petitioner's contention that the failure of the trial court to advise him of his right to appeal was violative of due process.

The remaining contentions put forth by the petitioner deal with his sentencing by the trial court. As previously stated herein, the Post-Conviction Hearing Act requires a petitioner make a substantial showing that his constitutional rights were violated. None of the arguments presented by the petitioner present a constitutional question and, as such, do not merit consideration as elements of a post-conviction hearing. We therefore reject all contentions made by the petitioner as to his sentencing and allow such sentences to stand.

■■■    The petitioner also complains about the indeterminate sentence. He did not raise the question in the trial court and cannot now raise it on appeal for the first time. Furthermore, it is not a constitutional question. He also now complains that no hearing was held on aggravation and mitigation. The plea of guilty and his failure to request a hearing constitutes a waiver. (*People v. Nelson* (1969), 41 Ill.2d 364.) Again, it is not a constitutional question and cannot be raised on a post-conviction hearing.

For the reasons stated herein, the order of the Circuit Court of Cook County is affirmed.

Order affirmed.

BURMAN and ADESKO, JJ., concur.