The People of the State of Illinois, Plaintiff-Appellee, *v.* William Haynes, Defendant-Appellant.

(No. 71-202; ■■■■■■)

Fifth District—March 29, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Nicholas J. Schiralli, Senior Law Student, of counsel,) for appellant.

Joe Harrison, State's Attorney, of Fairfield, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Appellant was charged by complaint in Wayne County with forgery in violation of chapter 38, section 17-3(a)(2), Illinois Revised Statutes. Appellant appeared with appointed counsel and entered a plea of guilty to the charge after waiving preliminary examination and indictment. The guilty plea was accepted and appellant was placed on probation for five years, the first year of which to be spent at the Illinois State Penal Farm at Vandalia, and ordered to make restitution for the outstanding forged checks during his probation period. The plea was the result of negotiations between the appellant and his counsel and the State's Attorney, and the sentence imposed was suggested by counsel as part of the agreement. There is no question here about the propriety of the negotiations or the voluntariness of the plea.

Appellant's first contention is that the trial court erred by not holding a hearing in aggravation and mitigation or securing appellant's waiver of such a hearing as required by Ill. Rev. Stat. ch. 38, sec. 1-7(g). Appellant contends that the hearing is mandatory and must be held unless waived by the defendant and not requested by the State, citing *People v. Evrard,* 55 Ill.App.2d 270, 204 N.E.2d 777, and *People v. Smice,* 79 Ill.App.2d 348, 223 N.E.2d 548. Those cases did not involve a negotiated plea.

The Supreme Court of Illinois has held that a hearing in aggravation and mitigation is a non-jurisdictional matter which is waived by a voluntary guilty plea. (*People v. Mendoza,* 48 Ill.2d 371, 270 N.E.2d 30, citing *People v. Nelson,* 41 Ill.2d 364, 243 N.E.2d 225.) This was recently underscored on the appellate level. *People v. Wisdom,* 6 Ill.App.3d 840, 286 N.E.2d 749, and most recently by this court in *People v. Hendrickson,* No. 72-76, filed March 23, 1973. None of these opinions, however, were explicit in the reasons for the waiver by the plea or whether there were exceptions to the rule in light of the previously held mandatory nature of the hearing.

■■ In *People v. Watland*, 4 Ill.App.3d 845, 281 N.E.2d 435, the court held that a hearing in aggravation and mitigation was not necessary where defendant pled guilty pursuant to a negotiated plea agreement which included suggestions subsequently followed concerning the sentence to be imposed. The court stated that under Supreme Court Rule 402(d) (Ill. Rev. Stat. 1971, ch. 110A, sec. 402(d)), and the holding in *People v. Talbot*, 2 Ill.App.3d 922, 274 N.E.2d 123, the policy of the courts is to encourage proper plea negotiation. In that case the issue before the trial judge was whether to accept the proposed agreement. It was held that where the court accepts the settlement as proposed and previously agreed to by the defendant (as in the instant case), the defendant "has received the full benefit of the plea negotiation procedure and under such circumstances a waiver of hearing in aggravation and mitigation is not required". (*People v. Watland*, 4 Ill.App.3d 845, 848, 281 N.E.2d 435, 437). Rule 402(d) recognizes that a reduction in sentence from the statutory maximum is a significant inducement for defendant's guilty plea. This means that defendant may want to negotiate a proposed sentence before pleading guilty. When an agreement is submitted for judicial approval, it may be accepted by the judge. If so, there is no further room for the exercise of the judge's sentencing discretion. Both sides have concurred in the arrangement. To alter its terms would require further consideration and agreement by the parties involved and would begin the process anew. Where no discretion in sentencing remains, courts have held that no hearing in aggravation and mitigation is required. (*People v. Curth*, 398 Ill. 322, 75 N.E.2d 755 penalty fixed by statute.) Although the exercise of the trial judge's discretion in accepting the negotiated plea is not in issue here, it should be noted that the trial judge was made aware of defendant's criminal record and family background before accepting the plea.

■■■ Appellant's second contention is that the sentence imposed was excessive. As noted before, defendant was placed on probation for five years, the first of which to be spent at the State Farm in Vandalia, and ordered to make restitution. At the time of its imposition the sentence was within the statutory limits prescribed by our statutes regarding probation. But since the judgment appealed from was imposed the Unified Code of Corrections (ch. 38, sec. 1001—1—1 *et seq.*) has become effective. For the reasons assigned in *People v. Shadowens* (1973), 10 Ill.App.3d 450 (see also *People v. Hendrickson, supra*), the sentences imposed in cases pending on direct appeal subsequent to the effective date of the Code must be adjusted to conform to the sentences in the Code. Under the provisions of ch. 38, sec. 1005—6—3 Ill. Rev. Stat. the so called split sentence under which a condition of probation providing

incarceration at the State Farm, is specifically prohibited. (See council commentary following section 1005—6—3.) Here defendant has, before his release, served approximately four months of the one year imposed, and we consider in light of the public policy expressed in the Code that further incarceration is not required in this cause. Since in the case at hand the plea was negotiated, and defendant has been imprisoned, there is no necessity for demandant. However, in conformity with the Code we modify the order of probation to eliminate the condition of imprisonment and affirm as modified.

Affirmed as modified.

G. MORAN and JONES, JJ., concur.