The People of the State of Illinois, Plaintiff-Appellee, *v.* Charles Hendrickson, Defendant-Appellant.

(No. 72-76; ▮▮▮▮▮▮▮

Fifth District—March 23, 1973.

*Supplemental opinion on rehearing filed May 8, 1973.*

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Edith L. James, of counsel,) for appellant.

Ronald A. Niemann, State's Attorney, of Salem, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant entered a negotiated plea of guilty to two indictments, one charging him with theft of property exceeding $150 in value in violation of Ill. Rev. Stat., ch. 38, sec. 16(1), and a second containing two counts, one count charging him with another theft of property exceeding $150 in value and the other count charging him with the crime of escape while incarcerated upon a charge of a felony in violation of Ill. Rev. Stat., ch. 38, sec. 31(6). Following the pleas the agreed concurrent sentences of imprisonment for not less than 5 nor more than 10 years were imposed.

Defendant appeals contending that the court erred in relying on a waiver of jury trial without determining whether the waiver was understanding and voluntary. Defendant argues that the signing of a standard printed form of waiver of jury trial does not meet the requirement that a

court ascertain of record that such waiver is voluntarily and understandingly undertaken by an accused. Our examination of the transcript of the testimony taken at the time of the plea of guilty indicates that the court advised defendant on three different occasions that he was entitled to have his case tried by a jury. The defendant, when asked whether he understood this rights, answered yes. The court's admonitions and defendant's indication of his understanding of his right to a jury trial, coupled with the further thorough admonitions given to defendant and the fact that he was represented by an attorney at all times and had engaged in private conversation with his attorney, are indications that defendant in fact made a knowledgeable and understanding waiver of his right to jury trial. There is nothing in the record that would indicate anything to the contrary or evidence any confusion or misunderstanding of this right upon the part of defendant. Furthermore, the previous criminal record of this 28-year-old defendant indicates that he is no novice to a criminal proceeding.

Defendant next argues that the court erred in failing to inform him of his right to a hearing in mitigation and aggravation. This argument is not well founded since the hearing in mitigation and aggravation is not required in instances of a negotiated plea. *People v. Watland,* 4 Ill.App.3d 845, 281 N.E.2d 435.

Defendant finally contends that the sentences imposed were excessive. At the time of its imposition the sentence was well within the statutory penalty for theft of property valued in excess of $150 (1 to 10 years) and for escape while charged with a felony (1 to 10 years). But since the judgments appealed from were imposed the new Unified Code of Corrections (Ill. Rev. Stat., ch. 38, sec. 1001—1—1 *et seq.*) has become effective. For the reasons assigned in *People v. Shadowens* (1973), 10 Ill.App.3d 450, the sentences imposed in cases pending on appeal subsequent to the effective date of the Code must be adjusted to conform to the sentences provided in the Code. Theft of property valued in excess of $150 is now a class 3 felony which carried a sentence of not less than 1 nor more than 10 years; escape while charged with a felony is a class 2 felony which carries a penalty of imprisonment of not less than 1 year nor more than 20 years. Article VIII, section 1(c) subsections (3) and (4) provide that for class 2 and class 3 felonies the minimum term shall be 1 year unless the court, having regard to nature and circumstance of the offense and the history and character of defendant, sets a higher minimum term which shall in no event be greater than one-third of the maximum term set by the court. Since in the case at hand the defendant entered a negotiated plea of guilty and agreed to the term of 5 to 10 years there is no necessity for a remandment of this

case for further hearing regarding the circumstances of the offense and the history and character of defendant. However, in conformity with the Code it is necessary that the minimum term of 5 years be reduced to one-third of the maximum of 10 years. Accordingly, the minimum term imposed herein is modified to 3 years and 4 months.

Sentence modified and judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.

### SUPPLEMENTAL OPINION ON REHEARING

PER CURIAM:

The facts of this case are adequately set forth in the prior opinion of this court filed March 23, 1973.

■■ Further examination of the record in this cause, pursuant to appellant's petition for rehearing, reveals that the trial court did not question the defendant personally, in open court, to determine whether any force or threats or any promises apart from the plea agreement were used to obtain the plea, as required by Supreme Court Rule 402(b).

■■ Although this point was neither briefed nor argued by appellant, it is plain error of which this court must take notice and a sufficient violation of Rule 402 to require reversal.

The judgment of the trial court is reversed and this case is remanded to the circuit court of Marion County with directions that the defendant be permitted to plead anew if he so desires.

Reversed and remanded with directions.