THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN BURKE, Defendant-Appellant.

(No. 72-126;

Second District—June 20, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of Model District State's Attorneys office, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This appeal is brought by the defendant, John Burke, from a sentence of 4 to 7 years in the penitentiary imposed by the circuit court of Lake County on his plea of guilty to the offense of robbery. The defendant contends that the sentence is excessive in light of the facts and circumstances of the case and is inconsistent with the theory of sentencing in Illinois and asks that it be reduced pursuant to our power so to do under Supreme Court Rule 615(b)(4).

On June 21, 1971, the defendant was indicted by a grand jury of Lake County and charged with four counts of armed robbery in violation of section 18—2 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, sec. 18—2.) On June 25 the defendant, represented by an assistant public defender, pleaded not guilty to each count. On October 12 he withdrew his plea as to the third count of the indictment and pleaded guilty to the lesser included offense of robbery pursuant to an agreement with the

prosecution. As part of the agreement the other three counts of the indictment were dismissed and the State agreed that they would make no recommendation as to any period of incarceration or as to a denial of probation. After fully admonishing the defendant, the court accepted the plea, found him guilty of robbery and allowed him to file his application for probation.

On December 3 a concurrent hearing was held on the probation application and in aggravation and mitigation. It was then disclosed that the defendant, then age 19 years, and a friend named Gus Kalodimos robbed the Shoreline Motel in Lake County on May 31, 1971. According to the defendant the two were returning from Wisconsin where they had purchased shotgun shells and stopped at the motel to buy cigarettes. The defendant had been to a party earlier where he had consumed heroin and some barbiturates but knew "pretty well" what he was doing. Kalodimos conceived the scheme to rob the motel and as they were taking their shotguns from the car the manager approached. Kalodimos and the defendant pointed their guns at the manager and told him that they wanted his money and that while they didn't want to shoot him that they would do so if necessary. The defendant testified that his gun was actually empty since he had discharged his shells firing at signs on the drive from Wisconsin.

The two forced the manager into the motel where Kalodimos tied him and his wife and the defendant took approximately $600 from the office. Kalodimos kicked the manager in the head and threatened to abduct their 3-year-old child but was dissuaded by the defendant. Kalodimos then went into an adjoining motel unit and forced a man and wife, at gunpoint, into the manager's apartment where the defendant tied them up. The two women had been crying and screaming so they were gagged. After approximately 1½ hours at the motel, Kalodimos and the defendant left. Kalodimos was killed the next day in a shoot-out with police. One of the victims corroborated the defendant's testimony that he assured them that no one would be hurt and that he was sorry for what was happening. A police officer who investigated the crime stated that the defendant was cooperative.

The defendant was employed by a moving and storage company for approximately 6 months before this arrest. Prior to that he has been in the armed forces but was asked to resign "for the good of the service." He came from a broken home and had a juvenile record for burglary and possession of drugs and had escaped from detention on two occasions. At the time of his arrest, he was out on bond after pleading guilty to two charges of burglary.

The defendant cites the case of *People v. Conner*, 131 Ill.App.2d 1035,

268 N.E.2d 439, as being almost identical to this one and where the Appellate Court, Fifth District, modified a sentence of 5 to 10 years for armed robbery to a term of 2 to 10 years. In *Conner,* the accused, then 18 years old, was picked up by two other persons. He was hoping for a ride home but instead they drove around for 4 hours. One of the others decided to rob a bakery and Conner went into the bakery with them and brandished an empty .38 revolver which had been in the car. A probation officer testified that Conner was not a "bad or vicious person" and that he was surprised he had not been recommended for probation. The appellate court based the modification of sentence, in part, on the comments of the probation officer and the fact that Conner's prior record included only 2 arrests for minor liquor violations.

■■ In the case of the *People v. Taylor,* 33 Ill.2d 417, 424, 211 N.E.2d 673, our supreme court stated that when the sentence prescribed is within the limits set by the legislature and the defendant contends that the punishment imposed is excessive, the appellate court should not disturb the sentence:

"* * * unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense."

Section 11 of article I of the new constitution reads:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. * * *"

■■ Although there are some obvious similarities between the facts in the *Conner* case and the one before us, there are some equally obvious differences. Here, the defendant and one accomplice held 4 people at the point of sawed off shotguns and threatened to shoot them. When the two women screamed and cried, they were both gagged. This ordeal of senseless terror continued for over an hour before they left. In addition, the defendant, unlike Conner, had a considerable record of prior criminal activity. Under the circumstances, we cannot conclude that the sentence imposed was excessive when considered in the light of the seriousness of the offense or the objective of restoring the defendant to useful citizenship.

■■ The defendant has also filed a motion for summary modification of sentence under the provisions of the new Unified Code of Corrections. (Ill. Rev. Stat. 1972, ch. 38, sec. 1001—1—1 *et seq.,* eff. Jan. 1, 1973.) Section 1008—2—4 of the Code provides that if the matter has not

378

reached a "final adjudication" then the sentences under the Code are to be applied if they are less than under the prior law. It has been held that if there is a pending appeal the cause has not reached a "final adjudication" as defined in the Code. *People v. McCloskey*, 2 Ill.App.3d 892, 274 N.E.2d 358; *People v. Keating*, 2 Ill.App.3d 884, 274 N.E.2d 362; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.

The penalty for robbery at the time that this prosecution was commenced was, and still is, a term of from 1 to 20 years in the penitentiary. (Ill. Rev. Stat. 1971, ch. 38, sec. 18—1(b).) The sentence for robbery under the Unified Code of Corrections also is a penitentiary term of from 1 to 20 years (as a Class 2 felony) but the minimum term, in any event, may not exceed one third of the maximum term actually imposed. (Ill. Rev. Stat. 1972, ch. 38, sec. 1005—8—1(c)(3).) Although the sentence under the Code is not less than the possible sentence under the prior law, the minimum sentence actually imposed was greater than that provided by the procedural rules of the Code. Sentences have been modified under similar circumstances. *People v. Hendrickson*, 11 Ill.App.3d 219, 296 N.E.2d 751; *People v. Gargano*, 10 Ill.App.3d 957, 295 N.E.2d 342.

■■ We therefore conclude that the sentence must be modified so that the minimum does not exceed one-third of the maximum or to a term of 2 years and 4 months to 7 years and the sentence is so modified.

Judgment of conviction affirmed, sentence modified.

GUILD, P. J., and T. MORAN, J., concur.