THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUDOLPH C. MOORE, Defendant-Appellant.

(No. 58722;

First District (1st Division)—February 4, 1974.

Patrick A. Barton, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Rudolph C. Moore (defendant) appeals from an order sustaining a motion of the State to dismiss his petition for post-conviction relief and dismissing it without an evidentiary hearing. A statement of the facts is essential.

Defendant was taken into custody on charges of armed robbery (Ill. Rev. Stat. 1967, ch. 38, par. 18—2) and rape (Ill. Rev. Stat. 1967, ch. 38, par. 11—1.) At that time, he was 16 years of age and proceedings were instituted in the juvenile division of the circuit court. On motion of the State's Attorney, defendant was remanded to the criminal division. Trial was commenced before a jury. Defendant voluntarily left the jurisdiction of the court shortly before a verdict of guilty was returned on February 29, 1968. Because of the absence of defendant, no sentence

was imposed until June 20, 1968. He was then sentenced to concurrent terms of 15 to 30 years for each offense.

When sentence was imposed, defendant's attorney requested leave to file motions for a new trial and in arrest of judgment. This was denied by the trial court on the theory that the motions were not made within 30 days of return of the verdict. (Ill. Rev. Stat. 1971, ch. 38, pars. 116—1 (b) and 116—2.) No direct appeal was taken.

On March 14, 1972, the petition for post-conviction relief was filed (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) Petitioner alleged that his out-of-court identification was "unfair and tainted"; waiver of jurisdiction by the juvenile division violated his constitutional rights; he did not knowingly waive his right to a direct appeal; he was improperly denied the right to file motions for a new trial and in arrest of judgment; he did not understand the statements of the court regarding his rights when sentence was imposed; his petition for a trial transcript was arbitrarily denied; and his trial counsel was incompetent.

On appeal to this court, defendant attacks the validity of the out-of-court identification; urges that denial of his right to appeal constituted a violation of his rights under the fourteenth amendment to the Federal constitution; he was denied due process and equal protection of law by relinquishment of juvenile jurisdiction without a hearing and the incompetence of his attorney was a violation of his right to counsel. The State urges that the post-conviction petition was properly dismissed without an evidentiary hearing and that the transfer of the cause to the criminal division of the circuit court did not present a constitutional issue.

The post-conviction petition alleged that defendant was 16 years old when he was arrested in June of 1967. He was born on January 4, 1951. His court identification was "unfair and tainted" because he was first identified from a photograph in the possession of the police; he was not represented by an attorney; and he was never placed in a lineup. He "was handcuffed to a table in a small room with only his father present, where he was viewed by 10 or 12 females for purposes of identification." There is an affidavit by defendant's father appended to the petition. Affiant states that he was present in a small room at a police station in June of 1967 with his son, the defendant, then 16 years old who was handcuffed to a table. Affiant further states that 10 or 12 female persons entered the room to view defendant for identification purposes.

The petition further alleged that the juvenile proceedings against defendant were dismissed at the request of the State's Attorney without a hearing of any kind; he did not knowingly waive his right to appeal; he was denied the right to file motions for a new trial and in arrest of judgment; he did not understand the explanation given by the trial court

of his right to appeal and to be furnished with a transcript and so advised the court; his motion for trial transcript was denied by two judges although these petitions were allowed in companion cases where he had pleaded guilty. Petitioner further stated four alleged instances in which his counsel was incompetent.

■■ As regards defendant's first point on validity of his identification, his basic contention is defeated by the long established principle that an in-court identification is admissible where "its origin was independent of any allegedly suggestive pretrial confrontation." (*People v. Stringer*, 52 Ill.2d 564, 568, 289 N.E.2d 631.) Note that *Stringer* cites *People v. Blumenshine*, 42 Ill.2d 508, 513, 514, 250 N.E.2d 152 upon which defendant relies. The post-conviction petition fails completely to negative the existence of an independent source of the in-court identification. The affidavit by defendant's father makes no reference as to the manner in which defendant was identified by the complainant in the case before us but contains merely a general statement which may or may not be pertinent. The burden rested upon defendant of showing violation of a substantial constitutional right. His petition is completely inadequate because it fails to allege facts showing that there was no independent and untainted source or basis for the in-court identification.

■■ The various remaining contentions advanced by defendant regarding the identification are also patently invalid. Defendant had no right to counsel prior to indictment. (*People v. Johnson*, 55 Ill.2d 62, 73, 302 N.E.2d 20). The practice of showing photographs of suspects to witnesses has been approved as "essential to effective law enforcement" absent a showing of impermissible suggestion. (*People v. Brown*, 52 Ill. 2d 94, 99, 285 N.E.2d 1.) There is no legal necessity for identification of a defendant by a lineup. *People v. Petty*, 10 Ill.App.3d 975, 979, 295 N.E.2d 275 and cases therein cited.

Defendant's next contention revolves about his right to appeal. When defendant was sentenced in the case at bar, the court advised him that he had a right to appeal and to file his notice of appeal within 30 days. The court also told him that if he had no means with which to prosecute the appeal that the court would appoint a lawyer to represent him. The court also advised him that he would be provided with a copy of the transcript for appeal. The court then asked defendant, "Do you understand that?" Defendant responded, "No, your Honor. May I have a couple of minutes with my attorney?" The court granted this request. The record also shows that on the next day defendant was present before another judge and was sentenced on his plea of guilty to three additional indictments charging him with rape, attempt rape, robbery, armed robbery and bail jumping. After imposition of sentence, this

judge also advised defendant fully regarding his right to appeal. The record completely negates the allegation of defendant's petition that he did not "knowingly waive his right to appeal." The record does not show that at any time thereafter defendant expressed any desire to perfect a direct appeal.

■■ Furthermore, even assuming that defendant had never received any advice or information from the court concerning his right to appeal, no question of constitutional magnitude would arise. *People v. Wisdom,* 6 Ill.App.3d 840, 843, 286 N.E.2d 749; *People v. Barr,* 14 Ill.App.3d 742, 745, 303 N.E.2d 202 and cases therein cited.

■■ Defendant's contention regarding transfer of his cause from the juvenile division to the criminal division of the circuit court without a hearing, has no merit. It has been held constitutionally permissible for the legislature to vest discretion in the State's Attorney concerning trial of a youthful offender as a juvenile or an adult. (See *People v. Reese,* 54 Ill.2d 51, 57, 294 N.E.2d 288 and other authorities therein cited including *People v. Bombacino,* 51 Ill.2d 17, 280 N.E.2d 697.) The amendment to the Juvenile Court Act requiring a hearing before a juvenile judge as a prerequisite to transfer of prosecution of a juvenile to the criminal division did not become effective until January 1, 1973. (Ill. Rev. Stat., 1972 Supp., ch. 37, par. 702—7(3).) This situation is fully explained by the Illinois Supreme Court in the recent case of *People v. Sprinkle* (1974), 56 Ill.2d 257.

■■ As regards inadequacy of defendant's counsel, the first contention is that the trial lawyer failed to file a motion to suppress the identification. As above shown, this claim has no validity because the post-conviction petition fails to allege the lack of an independent and untainted basis for the in-court identification. Further, whether or not a motion to suppress should be filed by an attorney in the trial of any criminal case has been aptly described as a matter of trial tactics. (*People v. Green,* 36 Ill.2d 349, 351, 223 N.E.2d 101.) Defendant urges that his counsel failed to file notice of appeal. The post-conviction petition fails to allege that defendant ever requested that his counsel proceed with an appeal.

■■ Defendant finally claims that his counsel failed to press his right to file motions for a new trial and in arrest of judgment. As the State correctly points out, the verdict was returned on February 29, 1968, and defendant was not sentenced until June 20, 1969. By then the time for the filing of these motions had long expired. (Ill. Rev. Stat. 1969, ch. 38, pars. 116—1(b) and 116—2; *People v. Colletti,* 48 Ill.2d 135, 137, 138, 268 N.E.2d 397.) Defendant's own conduct in absenting himself before the verdict was returned prevented the timely filing of these motions.

512

In addition, the petition fails to make allegations which show that "the effectiveness of counsel was of such low caliber that it amounted to no representation at all and reduced the court proceedings to a farce or sham." (*People v. McNeil*, 53 Ill.2d 187, 193, 290 N.E.2d 602.) Finally, the petition is completely defective in this regard as it fails to make any "showing of substantial prejudice" to defendant as a result of ineffective representation by counsel. *People v. Goerger*, 52 Ill.2d 403, 409, 288 N.E.2d 416.

■■ We will add that the dismissal of this petition was proper because it contained only conclusions which do not suffice to constitute a substantial showing of violation of constitutional rights. (See *People v. Skorusa*, 55 Ill.2d 577, 585, 586, 304 N.E.2d 630 and cases therein cited.) See also *People v. Dudley*, 46 Ill.2d 305, 308, 309, 263 N.E.2d 1, which applies particularly to alleged incompetency of trial counsel.

Judgment affirmed.

EGAN, P. J., and HALLETT, J., concur.