THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT JONES, Defendant-Appellant.

(No. 61315;

First District (3rd Division)—September 18, 1975.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and McNamara, JJ.):

Robert Jones, defendant, and Douglas Rogers were both found guilty after a bench trial of the crime of theft of property of a value under $150 (Ill. Rev. Stat., 1973, ch. 38, par. 16—1(a)(1)). The defendant was sentenced to a term of 60 days in the House of Correction.

The defendant wished to appeal and the State Appellate Defender was appointed to represent him. After examining the record, the State Appellate Defender has filed a motion in this court for leave to withdraw as appellate counsel. Pursuant to the requirements set out in *Anders v. California* (1967), 386 U.S. 738, a brief in support of the motion has also been filed. The brief states that the only possible arguments which could be raised on appeal are: (1) that the defendant was prejudiced by the introduction into evidence of hearsay testimony, (2) that evidence of the commission of other crimes was improperly admitted into evidence, and (3) that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. The brief concludes that an appeal on these issues would be wholly frivolous and without merit. Copies of the motion and brief were mailed to the defendant on May 7, 1975. He was informed that he had until July 14, 1975, to file any additional points he might choose in support of his appeal. He has not responded.

At trial Janet Hattemer, a ticket agent for the Illinois Central Railroad, testified that on October 21, 1974, at approximately 5 a.m., she observed the defendant behind the camera shop in the Illinois Central Randolph Street station with a broom in his hand. There is a Dutch Mill candy shop which is directly in front of the camera shop. Both shops were closed at that time.

Joan Danbek, a gate person for the Illinois Central Railroad, testified that at approximately 5:30 a.m., she observed the defendant and a man later identified as Douglas Rogers going into the gate of the station. Both

men were carrying brown packages. As they went through the gate, the packages got caught in the gate and one of them broke open and a bag of nuts labeled "Dutch Mill" fell to the ground.

Jesse Borns, a police officer for the Illinois Central Railroad, testified that at approximately 5:25 a.m., he responded to a radio call of a burglary in progress and proceeded to the Randolph Street station. Upon his arrival, he examined the Dutch Mill candy store. He observed that the security screen of the store had been cut and was bent open around the bottom. There were empty spaces on the top shelves. Borns was advised by Ms. Danbek that the two suspects had just boarded an I.C. train. He and Ms. Danbek got on the train and she identified the defendant as one of the men. Borns testified that he observed bags of candy lying on the floor. Defendant had three bags of candy and peanuts labeled "Dutch Mill" in his possession. Borns asked the defendant if the candy belonged to him and the defendant replied that he had found it. The defendant was then placed under arrest.

Borns went to the north end car where he observed Rogers seated on the upper level. Rogers also had a quantity of Dutch Mill candy in his possession and was placed under arrest. Borns testified that he received an itemized list of the loss from Dutch Mill which totalled $48.78. There was also estimated damage to the store in the amount of $55. Borns also received an estimate of $35 for a broken window at the camera shop. Borns stated that the defendant had been seen bringing the candy on the train by a conductor who was unable to appear as a witness.

It was stipulated that the candy recovered from the defendant and Rogers was owned by Dutch Mill Candies, Inc.

Defendant testified that on October 21, 1974, he was at the I.C. station to take a train to his home in Harvey, Illinois. He was subsequently placed under arrest while he was seated on the train. He stated that at the time he was placed under arrest, he did not have any candy or nuts in his possession. He denied that he ever broke into the Dutch Mill candy store. Defendant admitted that after he was placed under arrest he gave the police a false address.

Douglas Rogers testified that he was at the I.C. station to take a train to his aunt's home. Rogers stated that as he was walking toward the train he was approached by three youths who offered to sell him some candy and nuts. Rogers stated that he purchased a quantity of candy and nuts from the youths for five dollars. He subsequently boarded the train where. he was placed under arrest.

The first possible argument which could be raised on appeal is that the defendant was prejudiced by the introduction into evidence of hearsay testimony. The basis of this argument is that Jesse Borns at trial

testified (1) that the defendant was pointed out to him by a witness, (2) that he had contacted a representative of Dutch Mill and was given an itemized list of the loss and damage to the store, and (3) that the defendant had been seen bringing bags of candy on the train by the conductor who was unable to appear as a witness. It could be argued that in each instance Borns' testimony was improperly admitted into evidence.

■■ An examination of the record reveals that the defendant at trial did not object to Borns' testimony in this regard. Where a defendant fails to object to hearsay testimony at his trial, he cannot on appeal argue that the testimony was improperly admitted into evidence. *People v. Robinson* (1974), 20 Ill.App.3d 777, 314 N.E.2d 585.

The second possible argument which could be raised is that evidence of the commission of other crimes was improperly admitted into evidence. At trial, Borns testified that he received an estimate of the broken window of the camera shop. It could be argued that this constituted evidence of other crimes and was therefore improperly admitted into evidence. Even if this testimony were considered improper, the record reflects that the defendant at trial did not raise this issue and did not object to Borns' testimony in this regard. Since the defendant failed to raise this argument in the trial court, he cannot on appeal urge it as error. *People v. Reese* (1973), 14 Ill.App.3d 1049, 303 N.E.2d 814.

Further, in a bench trial the trial judge is presumed to recognize improper evidence and disregard it. (*People v. Bey* (1972), 51 Ill.2d 262, 281 N.E.2d 638.) Here, there is nothing in the record which would in any way indicate that the trial judge considered Borns' statement in determining the defendant's guilt.

■■ The third possible issue which could be raised on appeal is that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. In a bench trial the credibility of witnesses is for the trial judge to determine and his determination will not be disturbed on review unless it is based upon evidence which is so unsatisfactory as to raise a reasonable doubt as to the defendant's guilt. *People v. Clark* (1972), 52 Ill.2d 374, 288 N.E.2d 363.

The State's evidence proved that on October 21, 1974, at approximately 5 a.m., the defendant was seen in the Illinois Central station near the Dutch Mill store with a broom in his hand. At 5:30 a.m., the defendant and Rogers were observed boarding an Illinois Central train, each carrying a large package containing Dutch Mill candies. Upon discovery of the burglary, a security police officer for the Illinois Central Railroad, was called to the station. After verifying that the Dutch Mill store had been broken into and that certain items were missing, he boarded the

train and observed the defendant with a quantity of Dutch Mill candies in his possession. The defendant was unable to produce a receipt for the candies and stated that he had found them.

The defendant's trial testimony and that of Rogers, in which they denied the theft, was insufficient to create a reasonable doubt as to their guilt, since a trial judge is not obliged to believe a defendant's testimony. The trial judge, in finding the defendant guilty, categorized his trial testimony as "absolutely preposterous." After a complete review of the entire record, we conclude that the evidence adduced at the trial established the defendant's guilt beyond a reasonable doubt.

■■ We concur in the opinion of the State Appellate Defender that none of the arguments thus raised has substantial merit. Our inspection of the record does not disclose any additional possible grounds for an appeal which are also not frivolous. Accordingly, the State Appellate Defender is granted leave to withdraw as counsel on appeal and the judgment of the Circuit Court of Cook County is affirmed.

Motion allowed. Judgment affirmed.