THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* POSIE JONES, Petitioner-Appellant.

First District (2nd Division) No. 58270

Opinion filed February 26, 1976.

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

Petitioner, Posie Jones (hereinafter petitioner), appeals from an order sustaining the State's motion to dismiss his post-conviction petition without an evidentiary hearing. (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 et seq.) On the appeal, petitioner contends that the post-conviction court should have held an evidentiary hearing on his allegations that his retained trial counsel was incompetent and that he was convicted as a result of his identification in an impermissibly suggestive lineup. In addition, he contends that his appointed post-conviction counsel failed adequately to represent him because counsel did not amend petitioner's pro se petition so as to include an allegation that, owing to the incompetence of petitioner's appellate counsel, petitioner was deprived of his right to appeal from the original conviction.

· In his pro se post-conviction petition, petitioner alleged that several of his· constitutional rights had been violated in the proceedings leading to his conviction on armed robbery charges, resulting in a sentence of from 15 to 30 years in the penitentiary.[1] Petitioner's pro se petition set forth some 30 paragraphs under the heading "Grounds for Relief." As to pretrial matters, he alleged that he was arrested and searched without a warrant and without probable cause; that he had not been advised of his constitutional rights pursuant to Miranda v. Arizona (1966), 384 U.S.

---

[1] Petitioner also referred to his pleas of guilty to six other charges before a different judge. These six cases are not involved in this appeal. Post-conviction relief in those cases was denied and that denial was affirmed by this court in People v. Jones (1975), 32 Ill. App. 3d 354, 336 N.E.2d 583.

436, 16 L. Ed. 2d 694, 86 S. Ct. 1602; that he had been held incommuni-cado; that his retained counsel had not been permitted to be present during police questioning; that he had been identified in an imper-missibly suggestive lineup; that he had been beaten, coerced, and men-tally intimidated by the police in their efforts to obtain his statement; that his bond had been excessive; and that the police authorities had failed promptly to take him before a magistrate. As to matters relative to his trial, he alleged that his retained counsel was incompetent; that he was forced to trial before he could procure the attendance of wit-nesses; that the presiding judges were racially prejudiced; and that his trial was a sham and a farce in that his limited education was exploited in the State's effort to gain a conviction. As to post-trial matters, he alleged that he was improperly denied a free transcript of the proceed-ings; that he has been incarcerated without access to law books; and that he has generally been denied his constitutional rights.

The State's motion to dismiss the petition without an evidentiary hearing, filed 29 February 1972, contained an exhibit which was a transcript of proceedings held before Judge Joseph A. Power on 13 January 1972. At that proceeding, petitioner's appointed post-conviction counsel tendered his certificate of compliance with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 651(c)), which included counsel's statement that he had read the original trial record. Counsel then stated that he was standing on petitioner's *pro se* post-conviction petition because, in his opinion, there was "nothing further which could be amended to include any further claims." Counsel told Judge Power that the original trial record (which is not included in the post-conviction record before us on this appeal but which counsel certified he had read and which, judging from at least one remark of the Assistant State's Attorney, it appears that he also had read) did not show that any con-fession was admitted into evidence at the trial and did not show that there was any evidence admitted which might have been subject to a motion to suppress. In fact, the record showed that petitioner's trial counsel had successfully made a motion to suppress evidence. Petitioner was present in person at the proceedings before Judge Power.

On 29 February 1972, this post-conviction petition came before Judge Daniel Ryan for a hearing on the State's motion to dismiss. At this hear-ing, petitioner's post-conviction counsel again stated that the *pro se* petition "manifested" all of the issues and that therefore he had not further amended the petition. Post-conviction counsel also informed the court that, although petitioner had paid for and received a transcript of the trial proceedings, no direct appeal had been taken because his trial counsel had not proceeded with an appeal despite his representation

that he would do so. After the hearing, the post-conviction court dismissed the petition without an evidentiary hearing, and this appeal followed.

■■ A petition filed under the Post-Conviction Hearing Act must make a substantial showing that constitutional rights have been violated, and mere allegations or conclusions are insufficient. Charges and conclusional allegations not supported by alleged specific facts do not present issues cognizable on a post-conviction hearing; a petition containing only such allegations may therefore be dismissed without an evidentiary hearing. Such failures in specificity are not remedied merely by assertion that the generic charges amount to deprivation of due process and of equal protection of the law. *People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378.

Except for one allegation, petitioner has not supported his allegations relating to the denial of his constitutional rights either before or during his trial with any allegations of specific facts. Hence, as to these matters, his petition is legally insufficient for failure to allege facts showing a substantial violation of constitutional rights.

■■ The one allegation which may be deemed adequately supported by specific facts is the allegation that his in-court identification was tainted by an impermissibly suggestive lineup identification. A similar allegation concerning a pretrial identification was presented in a post-conviction petition in *People v. Moore* (1974), 17 Ill. App. 3d 507, 510, 308 N.E.2d 210. There the court stated:

> "As regards defendant's first point on validity of his identification, his basic contention is defeated by the long established principle that an in-court identification is admissible where 'its origin was independent of any allegedly suggestive pretrial confrontation.' (*People v. Stringer*, 52 Ill. 2d 564, 568, 289 N.E.2d 631.) Note that *Stringer* cites *People v. Blumenshine*, 42 Ill. 2d 508, 513, 514, 250 N.E.2d 152 upon which defendant relies. The post-conviction petition fails completely to negative the existence of an independent source of the in-court identification. The affidavit by defendant's father makes no reference as to the manner in which defendant was identified by the complainant in the case before us but contains merely a general statement which may or may not be pertinent. The burden rested upon defendant of showing violation of a substantial constitutional right. His petition is completely inadequate because it fails to allege facts showing that there was no independent and untainted source or basis for the in-court identification."

Hence, the instant allegation is legally insufficient for failure to negative

the existence of an independent source for the in-court identification. In this regard, we note that, in the post-conviction proceedings, the Assistant State's Attorney represented to the court without contradiction that petitioner had been "caught in the act." Under such circumstances, petitioner's ability to allege facts negativing the existence of an independent source for the in-court identification appears highly unlikely, and his failure to do so becomes understandable.

Petitioner next contends that his appointed post-conviction counsel was incompetent in that he failed to amend petitioner's *pro se* petition in accord with the requirements of *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566, and of Supreme Court Rule 651(c). Specifically, petitioner contends that his post-conviction counsel was incompetent for failing to amend the *pro se* petition to include an allegation that petitioner's appellate counsel (who was his retained trial counsel) was incompetent for failing to initiate and prosecute a direct appeal after having undertaken to do so.

Clearly, such failure by appellate counsel would demonstrate incompetency, at least *prima facie,* and, as such, would constitute error of constitutional dimension cognizable at a post-conviction proceeding. (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25; *People v. Edgeworth* (1975), 30 Ill. App. 3d 289, 332 N.E.2d 716.) These cases hold that allegations of incompetency of appellate counsel may be considered in post-conviction proceedings, if, on an appeal which was prosecuted, appellate counsel failed to raise a patently meritorious issue disclosed by the trial record, or failed timely to prosecute an appeal which involved a patently meritorious issue with the result that the appeal was dismissed for want of prosecution. We have no difficulty in extending this principle to situations in which, as here, retained trial counsel undertook to file an appeal but then did not do so.

■■ If, therefore, there was patent merit to one or more of petitioner's claims of trial error, then post-conviction counsel should have amended the *pro se* petition to include an allegation of incompetence of appellate counsel. If, on the other hand, there was no patently meritorious issue which could have been raised on direct appeal, then no such an amendment was called for, and petitioner would not be denied effective assistance of counsel at the post-conviction proceeding, even though the post-conviction proceeding was not amended. *People v. Goodwin* (1972), 5 Ill. App. 3d 1091, 284 N.E.2d 430; *People v. Hoffman* (1974), 25 Ill. App. 3d 261, 322 N.E.2d 865; *People v. Smith* (1968), 40 Ill. 2d 562, 241 N.E.2d 413.

■■ In seeking to determine whether there existed here a patently meritorious issue for appeal, we do not have the benefit of the trial

record, a benefit which the reviewing court had in *Frank* and in *Edgeworth.* Neither do we have the benefit of briefs relative to issues which could have been, but were not, appealed. The only allegations in petitioner's post-conviction petition which relate to his trial are purely conclusional: that his trial counsel failed to prepare a defense; that his trial was a sham and a farce and a one-sided affair; that the attorneys and the presiding judges took undue advantage of his limited education and lack of legal ability; and that the presiding judges were prejudiced against him because he was a black man and an ex-convict on parole. Hence, we are here limited to what we can learn from the proceedings on the post-conviction petition both before Judge Power and before Judge Ryan. From the record of those proceedings, we can discern that petitioner's retained trial counsel took positive steps to represent him. According to petitioner's post-conviction counsel (who certified that he had read the trial record), petitioner's trial counsel successfully moved to suppress evidence and no confession was admitted into evidence; nor, in the judgment of post-conviction counsel, was any evidence admitted which might have been suppressed. No allegation is made that trial counsel did not cross-examine witnesses or that he failed to make objections to testimony offered by the State. In *People v. Ballinger* (1973), 53 Ill. 2d 388, 292 N.E.2d 400, where the Supreme Court had the trial transcript before it, the court held that where defense counsel cross-examined witnesses, made objections to a confession, raised an issue as to its voluntariness, and otherwise presented a defense, a claim of incompetency of trial counsel could not be sustained. While there are fewer indicia which have been made available to us to which we can point on the post-conviction record before us, we think there is a sufficient quantum of evidence as to the competence of trial counsel, manifested by the proceedings on the post-conviction petition, for us to conclude that any allegation of incompetency of trial counsel would not have been patently meritorious, had it been raised on appeal. Furthermore, in the absence of evidence to the contrary, we think it must be assumed that the decision of the post-conviction court to dismiss the post-conviction petition without an evidentiary hearing was based upon the available evidence, and the trial record was at least available to the post-conviction court. *People v. McCarty* (1974), 17 Ill. App. 3d 796, 308 N.E.2d 655.

■■ As we have already noted, we have not been provided with the record of the trial proceedings. Neither have we been provided with any substantial showing that constitutional rights of the petitioner were violated. The burden is on the petitioner clearly to set forth the violation of such rights and to support such allegations by affidavits, records or

other evidence containing specific facts. Where, as here, no such showing has been made, the petition is properly dismissed without an evidentiary hearing. *People v. Farnsley* (1973), 53 Ill. 2d 537, 547, 293 N.E.2d 600.

For the foregoing reasons and on the basis of our review of the limited record made available to us in this case, the order of the post-conviction court dismissing petitioner's post-conviction petition wthout an evidentiary hearing is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.