UNITED STATES of America ex rel.
Riccardo WHITE, Petitioner,

v.

Richard DeROBERTIS, et al.,
Respondents.

No. 82 C 7035.

United States District Court,
N.D. Illinois, E.D.

July 7, 1983.

Riccardo White, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill., by Kevin Patrick Connor and Darrell Pane-thiere, Asst. Atty. Gen., Chicago, Ill., for respondents.

MEMORANDUM AND ORDER

BUA, District Judge.

This matter comes before this Court upon a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976). Petitioner is seeking collateral review of his bench trial which resulted in a murder conviction. The conviction was affirmed by the Illinois Appellate Court. *People v. Shaw and White,* 98 Ill.App.3d 682, 54 Ill.Dec. 84, 424 N.E.2d 834 (1st Dist.1981). After his petition for leave to appeal was denied, petitioner filed the instant petition for a writ of habeas corpus. Previously before the Court were the parties' cross-motions for summary judgment. On June 14, 1983, this Court entered an order dismissing the petition. Respondents then filed a Motion to Alter or Amend the judgment. For the reasons stated herein, the motion is granted and summary judgment is entered for the respondents.

On March 14, 1978, at approximately 2:00 A.M., Edward Lewis was shot and killed while working in his liquor store. Petitioner, Riccardo White (White), and Philip Shaw (Shaw), were charged with the murder. Four eyewitnesses to the shooting, Lilian Farmer, Marva Davis, Grandville Farmer, and Willie Newman, testified at the trial.

Mrs. Farmer testified that she was working as a cashier at the liquor store, together with Mr. Lewis and another employee, Marva Davis, when the shooting occurred. As Mr. Lewis was locking the front door in preparation for closing, two men appeared outside. Mr. Lewis invited the men inside. Immediately following their entry, the two men proceeded to the front counter where they purchased a half-pint bottle of gin. Subsequently, White walked over toward Lewis and began to struggle with him. Mrs. Farmer momentarily turned away from White and Lewis to wait on a customer. She then heard four shots. She turned and observed Shaw pointing a gun in the direction of Lewis, who had been fatally shot. Later that day, Farmer examined photographs and viewed a lineup in which

she identified Shaw and White as the perpetrators of the murder.

Mrs. Davis was also working as a cashier at the liquor store at the time of the shooting. She testified that she had known both Shaw and White for approximately three years. Moreover, her testimony regarding the events that took place prior to the shooting is substantially similar to Mrs. Farmer's account of the incident.

Mr. Farmer was sitting in his parked car, outside the liquor store, when the shooting occurred. He testified that he witnessed the shooting through a store window. Although during his trial testimony he labeled Shaw as the nonshooter, he identified Shaw as the shooter at both a lineup prior to trial, and a lineup photo during direct examination.

Willie Newman testified that he was in the liquor store when the shooting took place. A few days after the incident, pursuant to a photo display conducted by police officers, Newman identified both Shaw and White as the two men involved in the shooting.

The instant petition for habeas relief contains two claims. First, the petitioner alleges that the evidence offered at trial was insufficient to support a finding of guilt beyond a reasonable doubt. Second, petitioner asserts that he was denied his constitutional right to effective assistance of counsel by virtue of his appointed lawyer's inability to meet the minimum standards of professional representation.

■ Before granting review of a petition of this nature, a state prisoner must fulfill the prerequisites for invoking the habeas corpus jurisdiction of this Court. The statutory requirements include custody of the petitioner pursuant to a judgment by a state court. The custody must be in violation of the constitution, laws, or treaties of the United States. Additionally, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Moreover, a federal court must exercise substantial discretion in entertaining such a petition out of consideration for comity and the orderly administration of criminal justice. *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

■ A petitioner in a habeas corpus proceeding under 28 U.S.C. § 2254 is in custody pursuant to a state court judgment when he is "subject to restraints not shared by the public generally." *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The purpose of the custody requirement is to preserve the writ for severe restraints on individual liberty. *Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist.,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). In the instant case, the petitioner was convicted of murder and sentenced to a term of 30 years imprisonment in the Stateville Correctional Center, Joliet, Illinois. Hence, because of the nature of petitioner's sentence, he has clearly satisfied the custody requirement.

■ Likewise, before a federal court will consider an application for a writ of habeas corpus, the petitioner must be in custody in violation of the United States Constitution. 28 U.S.C. § 2254(a). The petition must allege a "violation of a specific federal constitutional right" as secured by the states through the Fourteenth Amendment guarantees of due process and equal protection. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). As previously stated, the instant petition before this Court contains an ineffective assistance of counsel claim and an insufficiency of the evidence claim. Ineffective assistance of counsel is a valid basis for habeas corpus relief under 28 U.S.C. § 2254. *United States ex rel. Maselli v. Reincke,* 383 F.2d 129 (2nd Cir.1967); *United States ex rel. Garrett v. Lane,* 464 F.Supp. 793 (N.D.Ill. 1979). In addition, the due process clause prohibits, without qualification, the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. Thus, by virtue of the substance of the allegations presented by the petitioner, the requirement that a constitutional violation

be incorporated within the petition is easily satisfied.

■ Finally, a federal court is without jurisdiction to consider a habeas corpus petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). In addition, "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Ordinarily, it is enough for the petitioner to present the federal claims before the highest state appellate court. *United States ex rel. Henne v. Fike,* 563 F.2d 809 (7th Cir.1977). Moreover, the petitioner can satisfy the exhaustion of state remedies requirement by raising the federal claims in a direct appeal to the state courts. *Irrin v. Dowd,* 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). After a careful review of the record, it is clear that the petitioner has taken the necessary steps to satisfy the exhaustion requirement. The petitioner has duly presented the federal claims now before this Court in the Illinois Appellate Court and in his petition for leave to appeal to the Supreme Court of Illinois. Based on the aforementioned reasons, the petitioner has fulfilled the prerequisites for invoking the habeas corpus jurisdiction of this Court. Therefore, the Court may now consider the merit of petitioner's contentions.

■ With regard to the ineffective assistance of counsel claim, petitioner contends that defense counsel's performance fell far below the required minimum level of competence in several respects, including counsel's failure to file key motions, failure to call crucial witnesses, and failure to allow the petitioner an ample opportunity to testify to the truth. The measure of an ineffective assistance of counsel claim is whether the defendant received "legal assistance which meets the minimum standard of professional representation." *United States of America v. Richard L. Weston and Drucilla Merida Thompson,* 708 F.2d 302, 306 (7th Cir.1983). A "minimum standard of professional representation" guarantees a defendant reasonably effective counsel, not errorless counsel. *Id.* Moreover, in order to prevail in a habeas corpus petition asserting want of effective legal assistance, the petitioner must prove that counsel's assistance was so limited as to make "a sham or mockery" of petitioner's trial. *United States ex rel. Williams v. Twomey,* 510 F.2d 634, 638 (1975). The defendant must demonstrate that counsel provided representation amounting to grossly incompetent professional conduct. 708 F.2d at 306 (7th Cir.1983).

■ In reviewing an attorney's performance, the Court is not free to second guess legitimate tactical decisions. Rather, the Court will only examine those errors not classifiable as an attorney's tactics and may determine whether they amount to grossly unprofessional conduct. *Id.* In the instant case, the defense attorney's failure to file certain motions and call particular witnesses, as alleged by petitioner, amount to nothing more than strategic decisions which are exempted from review, and are insufficient to warrant a determination of incompetence. In addition, petitioner's claim that he was not given the opportunity to testify to the truth at trial is not supported by the record whatsoever.[1] Therefore, because the petitioner's contentions with respect to the ineffective assistance of counsel claim comprise merely tactical decisions by defense counsel, are wholly inconsistent with the record, and do not constitute "a sham or mockery," the petitioner has not been deprived of his right to effective assistance of counsel in connection with his bench trial.

■ With regard to petitioner's claim that his conviction was based upon

---

1. In connection with this assertion, petitioner states in his brief that defense counsel "wanted him to fabricate a story." This alone is insufficient to sustain a finding that petitioner did not have an ample opportunity to testify to the truth at any point during his bench trial.

insufficient evidence, a federal court, in a habeas corpus proceeding, must consider whether there is sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moore v. Duckworth,* 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979). This standard for reviewing the sufficiency of the evidence at a state criminal trial requires the Court to view "the evidence in the light most favorable to the prosecution." *Id.* In addition, the 1966 amendment to 28 U.S.C. § 2254 explicitly requires federal courts to give deference to determinations made by state courts regarding factual issues which are the predicate for federal constitutional claims. *Wainright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Moreover, a state court judge's resolution of a factual issue will be presumed to be correct unless the factfinding process employed by the state was inadequate. *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977).

In the instant matter, the petitioner maintains that he was convicted "because of a mistake," and that "the witnesses wanted to put him at the scene" and accordingly fabricated their respective stories. These contentions, however, are wholly inconsistent with the record and the factual findings of the state courts. The state trial court concluded, after a careful review of the evidence, that the petitioner was guilty of murder beyond a reasonable doubt. The appellate court affirmed the conviction basing its decision primarily on the fact that four eyewitnesses, each with an ample opportunity to view the crime, identified the petitioner as an accomplice to the murder.

Because the record clearly indicates that there is sufficient evidence to support a rational trier of fact in finding guilt beyond a reasonable doubt, and in view of the fact that this Court must give deference to factual determinations made by state courts, we find no reason upon which to grant the instant writ of habeas corpus.

Based on the foregoing, it is clear that there is no genuine issue of triable fact with respect to the petitioner's claims. Therefore, this Court's order of June 14, 1983 is vacated, summary judgment is granted for the respondents, and the writ of habeas corpus is accordingly denied.

IT IS SO ORDERED.