THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICCARDO WHITE, Defendant-Appellant.

First District (1st Division)   No. 1—87—1574

Opinion filed December 4, 1989.—Rehearing denied June 28, 1990.

Randolph N. Stone, Public Defender, of Chicago (Hugh Stevens, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Renee Goldfarb, and Loretta H. Davenport, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

The sole issue presented on appeal is whether the trial court's dismissal of the petitioner's *pro se* post-conviction petition was proper.

Petitioner, Riccardo White, together with Philip Shaw, was charged by information filed in the circuit court of Cook County, with the murder of Edward Lewis. In separate, simultaneous trials, Shaw was tried before a jury, and the petitioner was tried in a bench trial. Both men were found guilty as charged.

In a joint appeal, both men contended that they were denied a fair trial. (*People v. Shaw* (1981), 98 Ill. App. 3d 682, 410 N.E.2d 1082.) The petitioner raised only two issues: (1) whether the trial court erred in conducting simultaneous trials; and (2) whether the trial court erred in finding him guilty on the theory of accountability. This court rejected petitioner's arguments and affirmed the convictions of both men. Thereafter, petitioner filed a petition for *habeas corpus* relief in the Federal district court, wherein he alleged ineffective assistance of trial counsel violated his constitutional rights. (*United States ex rel. White v. DeRobertis* (N.D. Ill. 1983), 566 F. Supp. 871.) The district court denied the writ of *habeas corpus*.

In 1986, petitioner filed a *pro se* petition for post-conviction relief and motion for appointment of counsel. In the petition, petitioner alleged that he had been illegally arrested in violation of his fourth amendment rights; and therefore, trial counsel's failure to challenge the legality of the arrest, when combined with other errors, amounted to ineffective assistance of counsel, a violation of his sixth amendment rights. The State moved to dismiss the petition for failure to state a claim, and further, that the issues raised by the petitioner were

barred under the doctrines of *res judicata,* waiver and collateral estoppel.

During the hearing on the State's motion to dismiss, petitioner's appointed counsel certified to the court, pursuant to Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), that he had consulted with the petitioner, had read the record and that there was nothing that he could add to the petition. The trial court granted the State's motion and dismissed the petition with prejudice, finding that the petition for post-conviction relief did not assert any constitutional issues. The petitioner now appeals that dismissal under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). For the following reasons, we affirm the judgment of the circuit court.

On appeal, the petitioner asserts a twofold argument. First, he argues that the trial court erred in dismissing his *pro se* petition for post-conviction relief because he was illegally arrested, and thus, the identification testimony of several witnesses was improperly allowed, which he contends was a violation of his right to a fair trial guaranteed by the fourth amendment. Petitioner further argues that his sixth amendment right to effective assistance of counsel was denied where trial counsel suggested that he fabricate a story and prevented him the opportunity to testify. Second, petitioner maintains that the trial court erred in dismissing the petition because post-conviction counsel was ineffective for failure to amend the *pro se* petition or put it in proper legal form to adequately state these constitutional deprivations.

The State counters that the trial court properly dismissed the petition since the petitioner utterly failed to demonstrate the existence of any substantial violation of his constitutional rights; and even if his allegations on appeal were sufficient, they would be barred under the doctrines of *res judicata,* waiver and collateral estoppel. We agree.

■■ It is well settled in Illinois that a proceeding under the Post-Conviction Hearing Act is not an appeal but a collateral attack on the judgment. (*People v. James* (1986), 111 Ill. 2d 283, 290-91, 489 N.E.2d 1350.) "The purpose of a post-conviction proceeding is to inquire into the constitutional phases of the original conviction which have not already been adjudicated." (*People v. Williams* (1970), 47 Ill. 2d 1, 3, 264 N.E.2d 697; see also *People v. Gaines* (1984), 105 Ill. 2d 79, 87, 473 N.E.2d 868.) The burden is upon the petitioner to demonstrate a substantial showing of a violation of a constitutional right. *People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830; *People v. Griffin* (1985), 109 Ill. 2d 293, 303, 487 N.E.2d 599.

Moreover, it is well established that a determination of the trial

court in a post-conviction proceeding will not be set aside unless it is manifestly erroneous. (*People v. Albanese* (1988), 125 Ill. 2d 100, 109, 537 N.E.2d 17; *Griffin*, 109 Ill. 2d at 303.) Proceedings under the Post-Conviction Hearing Act are not meant to provide the petitioner an opportunity to relitigate his case. Hence, issues which were raised on direct appeal are generally *res judicata* as to all issues decided (*People v. Kubat* (1986), 114 Ill. 2d 424, 436, 501 N.E.2d 111; *Gaines*, 105 Ill. 2d at 87-88), and issues which could have been raised, but were not raised, are considered waived. *People v. Albanese* (1988), 125 Ill. 2d 100, 105, 531 N.E.2d 17; *Silagy*, 116 Ill. 2d at 365; *People v. Burns* (1979), 75 Ill. 2d 282, 290, 388 N.E.2d 394.

■ In the case at bar, petitioner now raises for the first time in his post-conviction petition the issue of an illegal arrest and violation of his fourth amendment rights. However, we believe the issue is deemed waived because of petitioner's failure to raise it on direct appeal under the application of *Silagy* (116 Ill. 2d 357, 507 N.E.2d 830), *Kubat* (114 Ill. 2d 424, 501 N.E.2d 111) and, *Gaines* (105 Ill. 2d 79, 473 N.E.2d 868). Under *People v. Silagy, People v. Kubat,* and *People v. Gaines,* a petitioner's claim (of a fourth amendment violation) is deemed waived where, as here, the fourth amendment issue was clearly within the record, and the record does not suggest any reason why the claim was not or could not have been presented on direct appeal. See also *People v. Stewart* (1988), 123 Ill. 2d 368, 528 N.E.2d 631.

■ We consider next petitioner's assertion concerning his failure to receive effective assistance of counsel during the trial. Likewise, this issue first raised in the *habeas corpus* hearing, a collateral proceeding, is without merit. In *White v. DeRobertis,* the district court there found that claims that "defense attorney's failure to file certain motions and call particular witnesses, * * * amount to nothing more than strategic decisions which are exempted from review, and are insufficient to warrant a determination of incompetence." (*White,* 566 F. Supp. at 874.) The court further commented that the "petitioner's claim that he was not given [an] opportunity to testify to the truth at trial is not supported by the record whatsoever." *White,* 566 F. Supp. at 874.

Although the petitioner did not raise the identical issues in the post-conviction petition that he raised in the *habeas corpus* petition, the questions were the same in substance. Therefore, petitioner is barred from retrying issues actually litigated and decided in a collateral proceeding (*Silagy,* 116 Ill. 2d at 370-71) by rephrasing essentially the same argument. See *People v. Berland* (1978), 74 Ill. 2d 286.

■ During oral argument, counsel for the petitioner argued that this court should not apply the doctrines of waiver, collateral estoppel or *res judicata* but should follow the doctrine of fundamental fairness. The doctrine of fundamental fairness dictates that a reviewing court may relax the harsh application of the waiver, collateral estoppel and *res judicata* rules and consider the issue under circumstances where it would be fundamentally unfair to the defendant to preclude consideration of the issue.

In support of this argument petitioner asserts that he could not have raised the fourth and sixth amendment issues prior to raising them in the post-conviction petition. He urges that the fourth amendment question evolves from an incomplete record, where no motion to suppress was filed by trial counsel challenging the warrantless arrest, and that the sixth amendment claim is based upon information outside the record. However, this argument likewise must fail.

The facts in the instant case reveal that petitioner was represented by private counsel of his choice during the bench trial. He was represented by different counsel on direct appeal to this court, and yet another attorney was appointed to represent him in the post-conviction proceeding. Moreover, the Federal district court adequately and comprehensively reviewed the petitioner's same assertions raised in the *habeas corpus* proceeding. Petitioner had ample opportunity to raise all issues pertinent to this case and to provide the various courts with the proper facts and supplemental records to support the allegations raised in the post-conviction petition. Hence, we decline to invoke the doctrine of fundamental fairness on the facts here presented.

Thus, we find that the crux of petitioner's claims of fourth and sixth amendment constitutional deprivations were previously addressed either on direct appeal or in the *habeas corpus* proceeding and merit no further consideration by this court under the doctrines of waiver, collateral estoppel and *res judicata*.

■ ■ Next, we address petitioner's contention that post-conviction counsel was incompetent for failure to amend the *pro se* petition to properly state the petitioner's alleged constitutional claims. We disagree. We believe post-conviction counsel acted properly under the circumstances and that the petitioner was in no way prejudiced by counsel's failure to amend the post-conviction petition.

In *People v. Albanese,* our supreme court adopted the standards enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, for determining whether a defendant has received ineffective assistance of counsel. The two-prong test requires: (1) that defendant demonstrate counsel made serious errors

which resulted in deficient performance and (2) that this deficient performance prejudiced the defense.

In the case at bar, during the post-conviction hearing held on April 23, 1987, counsel for petitioner represented the following to the court.

> "MR. GINSBERG [Assistant Public Defender]: I have had the opportunity to review the trial transcript.
>
> I have consulted with the petitioner regarding his claims on his post-conviction petition.
>
> I have examined the *pro se* petition, and I feel that it adequately presents his [petitioner's] claims of deprivation of constitutional rights.
>
> There is nothing I can add or amend by way of supplemental petition.
>
> Accordingly, I would request leave of court at this time to file my certificate in accordance with Supreme Court Rule 651(c). I will stand on the allegations of Mr. White's petition for post-conviction relief."

Supreme Court Rule 651(c) provides, in relevant part:

> "The record filed in [the trial] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with [the] petitioner \*\*\* to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 107 Ill. 2d R. 651(c).

After reviewing the record and applying the standards of *Strickland v. Washington* and *People v. Albanese*, we are unable to agree with the petitioner's contentions that post-conviction counsel's actions were unreasonable or that counsel committed any error resulting in deficient performance and prejudice to the petitioner. Counsel is not considered incompetent for choosing not to amend a *pro se* petition with allegations that are without substance. (*People v. Smith* (1968), 40 Ill. 2d 562, 241 N.E.2d 413.) It appears that petitioner's allegations were meritless on their face where he did not raise any constitutional issue in the post-conviction petition nor had he done so in his direct appeal, or in the *habeas corpus* proceeding. A petitioner is not entitled to relief under the Post-Conviction Hearing Act by "rephrasing previously addressed issues in constitutional terms" in the petition. (*Gaines*, 105 Ill. 2d at 90.) Neither is it a requirement nor will it suffice for post-conviction counsel to rephrase previously addressed is-

sues in constitutional terms or more acceptable legal terminology in an attempt to sustain the petitioner's burden to demonstrate a substantial showing of a violation of a constitutional right.

Post-conviction counsel has no mandatory obligation under the circumstances to amend the petition in an effort to state matters either not in existence or wholly unsupported by the record and the law. There is no reason to believe that the petition could have been successfully amended. (*Smith*, 40 Ill. 2d at 564.) Moreover, where there is no meritorious issue which could have been raised, then no amendment is necessary, and the petitioner is not denied effective assistance of counsel during a post-conviction proceeding, even though the post-conviction petition was not amended. See *People v. Jones* (1976), 36 Ill. App. 3d 315, 343 N.E.2d 525. See also *People v. Mays* (1975), 29 Ill. App. 3d 610, 331 N.E.2d 195; *People v. Lockett* (1974), 19 Ill. App. 3d 807, 313 N.E.2d 183.

Accordingly, we conclude that post-conviction counsel satisfied the criteria set forth in Supreme Court Rule 651(c) and committed no errors within the contemplation of *Strickland v. Washington* and *People v. Albanese*.

The Post-Conviction Hearing Act authorizes summary dismissals of nonmeritorious petitions, without an evidentiary hearing (*Silagy*, 116 Ill. 2d at 373; *James*, 111 Ill. 2d at 292), where the petitioner has not demonstrated a substantial violation of a constitutional right which is supported either by the record or accompanying affidavits. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2; *Gaines*, 105 Ill. 2d at 91-92.) We hold that the circuit court properly dismissed the petition for post-conviction relief where the petition failed to demonstrate a substantial violation of petitioner's constitutional rights which would entitle him to relief.

Accordingly, for the reasons set forth above, the judgment of the circuit court is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.