2023 IL App (1st) 200386-U
No. 1-20-0386

FIRST DIVISION
June 12, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Criminal Division |
| Plaintiff-Appellant, | ) | |
| | ) | No. 07 CR 18165 |
| v. | ) | |
| | ) | The Honorable |
| STEVEN BROWN, | ) | James B. Linn, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order denying the defendant's *pro se* postconviction petition at the first stage of postconviction proceedings. Defendant's claims were either previously raised in his federal writ of habeas corpus proceeding and are barred by *res judicata*, or are forfeited because he failed to raise them on direct appeal.

¶ 2    Defendant Steven Brown appeals from the first-stage denial of his *pro se* postconviction petition filed under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq*. (West 2018) In federal proceedings, Brown previously filed a 28 U.S.C. § 2254 petition for writ of *habeas corpus*, raising eight separate claims. *See Brown v. Calloway*, 2017 WL 5890925, *3 (N.D. Ill.

2017). The district court denied each claim on the merits on November 29, 2017. In October 2019, Brown filed his postconviction petition in the circuit court, raising several of the same claims. The circuit court denied the petition at the first stage, stating that it was "wholly without merit." Brown now appeals that decision.

¶ 3                                     BACKGROUND

¶ 4                                     Trial and Appeal

¶ 5     In 2009, following a bench trial, Steven Brown was convicted of multiple counts of predatory criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, and criminal sexual abuse. *See People v. Brown*, 2014 IL App (1st) 121750-U, ¶ 2. Brown appealed, arguing that his convictions violated the one-act, one-crime doctrine and that he was entitled to a new sentencing hearing because the circuit court relied upon improper aggravating factors. *Id*. In 2014, we affirmed Brown's convictions of one count of predatory criminal sexual assault and one count of aggravated criminal sexual abuse, and vacated the remaining convictions as being based on the same physical act, and therefore imposed in violation of the one-act, one-crime doctrine. *Id.* at ¶ 31. We also remanded the case for a new sentencing hearing, finding that while the circuit court did not rely upon improper aggravating factors, it had mistakenly ordered that Brown's sentences be served concurrently rather than consecutively as required by statute. *Id*. at ¶¶ 37-40. On June 23, 2016, Brown was resentenced to consecutive prison terms of seventeen and seven years. *Brown*, 2017 WL 5890925 at *3. He did not appeal. *Id.*

¶ 6                                     *Habeas Corpus* Proceedings

¶ 7     On October 31, 2016, Brown filed a 28 U.S.C. § 2254 petition for writ of *habeas corpus*, raising eight claims: (1) that he was denied the right to proceed *pro se* in his direct appeal; (2) that the State failed to advise him of his *Miranda* rights; (3) that the evidence was insufficient to support

conviction (including arguments that certain evidence and testimony were not credible and/or fabricated); (4) that his convictions violated the double jeopardy prohibition per the civil order of protection that preceded his criminal convictions; (5) that his convictions violate the *ex post facto* clause because the Illinois Compiled Statutes of 1992 are void and not effective law; (6) that the charging document failed to provide adequate notice of the charges; (7) that he was denied effective assistance of trial counsel because (a) counsel had a conflict of interest, (b) counsel failed to properly investigate, (c) counsel's advice to waive Brown's right to testify and to a jury trial was deficient, and (d) counsel should have raised Claims 2, 4, 5, and 6 at trial; and (8) that appellate counsel's failure to raise Claims 2 through 7 on direct appeal constituted ineffective assistance of counsel. *Id.*

¶ 8     The district court denied the petition in its entirety in a November 2017 decision, rejecting each claim on the merits. *Id.* at *10. It denied Claim 1 on the basis that there was no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Id.* at *3. It rejected Claims 2 through 7 on both procedural grounds and on the merits, stating first that Brown waived these claims by raising them in his proposed *pro se* brief in his state-level appeal, which the circuit court declined to consider because his counsel had already filed an opening brief. *Id.* at *4 (citing *Clemons v. Pfister*, 845 F.3d 816 (7th Cir. 2017)). It further denied the claims on the merits, finding that the record showed Brown had been properly Mirandized (Claim 2); that "a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt" (Claim 3); that Brown's conviction did not constitute double jeopardy because the order of protection entered against him was civil in nature and "not tantamount to punishment" (Claim 4); that Brown failed to allege the passage of any subsequent law that affected the laws under which he was sentenced to support an *ex post facto* challenge, nor were the Illinois Compiled Statutes

void law (Claim 5); that the charging document sufficiently identified his charges to satisfy due process concerns (Claim 6); and that there was no evidence of trial counsel's conflict of interest and counsel's failure to investigate Claims 2 through 6, when those claims lacked merit, did not constitute ineffective assistance (Claim 7). *Id.* at \*3-9. Finally, the district court denied Claim 8 for the same reason as Claim 7, that appellate counsel's failure to raise meritless claims did not constitute ineffective assistance of counsel. *Id.* at \*10.

¶ 9                                 Postconviction Petition and Appeal

¶ 10    On October 28, 2019, Brown filed a *pro se* postconviction petition alleging the following: (1) a First Amendment violation because he was denied the right to be heard as a *pro se* petitioner on direct appeal; (2) that the Appellate Court erred in declining to consider his proposed *pro se* brief on appeal, which he filed in addition to his counsel's brief; (3) violation of his *Miranda* rights; (4) the evidence was insufficient to support his convictions; (5) his convictions violate double jeopardy because of the civil order of protection previously entered against him, filed by his then-wife; (6) an *ex post facto* challenge based on a lack of fair warning of the conduct giving rise to his convictions and because he was prosecuted pursuant to a statute that had not yet come into effect; (7) ineffective assistance and conflict of interest of both trial counsel and appellate; (8) violation of the right to be informed of the nature and elements of the charges against him; and (9) his new sentence, following the remand of his case after appeal, was also excessive. On November 26, 2019, the circuit court denied the postconviction petition outright as being wholly without merit, with no additional explanation.

¶ 11    Brown now appeals from the denial of his postconviction petition. On March 3, 2020, late notice of appeal was allowed and the Office of the State Appellate Defender ("OSAD") was appointed to represent Brown. OSAD motioned to withdraw as counsel on appeal pursuant to

*Pennsylvania v. Finley*, 481 U.S. 551 (1987), on February 4, 2021. Brown filed a motion to proceed with his appeal *pro se*. We granted both motions, and Brown filed his *pro se* appellant's brief on May 12, 2021. On appeal, he brings the same arguments that he raised in his postconviction petition. In response, the State contends that each of Brown's claims aside from excessive sentencing are barred by *res judicata* because they were adjudicated on the merits in 2017 in Brown's federal *habeas corpus* proceedings. The State argues that Brown forfeited his excessive sentencing claim because he declined to appeal from his June 23, 2016 resentencing, and thus failing to preserve this argument. It further argues that the excessive sentencing claim does not raise a constitutional question and thus cannot serve as a basis for postconviction relief, as Brown's sentence was within statutory limits.

¶ 12                                                    ANALYSIS

¶ 13                                            Standard of Review

¶ 14    A proceeding under the Post-Conviction Hearing Act, 725 ILCS 5/122–1 *et seq*. (West 2020), is a collateral proceeding, not an appeal from the underlying judgment. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 52; *People v. Coleman*, 206 Ill.2d 261, 277 (2002). Its purpose is to "allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal." *Coleman*, 206 Ill.2d at 277 (citing *People v. Griffin*, 178 Ill.2d 65, 72-3 (1997). The Act allows a defendant to challenge a conviction or sentence for violations of state or federal constitutional rights. *Wilborn*, 2011 IL App (1st) 092802, ¶50; *People v. Pendleton*, 223 Ill.2d 458, 471 (2006). To establish that the defendant is entitled to post-conviction relief, he or she bears the burden of making a substantial showing of a deprivation of constitutional rights in the underlying proceedings. *Wilborn*, 2011 IL App 1st) 092802, ¶ 50; *Coleman*, 206 Ill.2d at 277.

¶ 15    The Act creates a three-stage process for the defendant to seek relief. *People v. Parada*, 2020 IL App (1st) 161987, ¶ 16. The first stage requires only that the defendant file a petition that alleges the gist of a constitutional claim; this stage involves a low threshold, "requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim." *People v. Brown*, 236 Ill.2d 175, 184 (2010); *see also People v. Hodges*, 234 Ill.2d 1, 9 (2009). While the petition at this stage need not include a complete, detailed factual narrative, it must set forth objective facts that are capable of corroboration, with attached supporting affidavits, records, or other evidence, or explain why those facts are absent. *Wilborn*, 2011 IL App (1st) 092802, ¶ 55; *People v. Hall*, 217 Ill.2d 324, 332 (2005).

¶ 16    At the second stage of the postconviction proceedings, the defendant bears the burden of proof of making a substantial showing of a constitutional violation. *Parada¸* 2020 IL App. (1st) at ¶ 17. The petition will not be dismissed unless "the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *Hall*, 217 Ill.2d at 334. At this stage, "all factual allegations that are not positively rebutted by the record are accepted as true". *Id.; see also People v. Childress*, 191 Ill.2d 168, 174 (2000). The State is allowed to file a motion to dismiss, and if the circuit court denies the motion, the petition enters the evidentiary hearing stage. *Parada*, 2020 IL App. (1st) 161987, ¶ 17.

¶ 17    If the postconviction petition is dismissed prior to the third stage, in which the court would hold an evidentiary hearing, the dismissal is reviewed *de novo. People v. Pendleton*, 223 Ill.2d 458, 473 (2006). In the present matter, the trial court dismissed Brown's petition at the first stage as being wholly meritless.

¶ 18                        *Res Judicata* and Postconviction Proceedings

¶ 19    *Res judicata* applies to bar a cause of action that has previously been adjudicated on the merits where three elements are met: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Hudson v. City of Chicago*, 228 Ill.2d 462, 467 (2008).

¶ 20    Postconviction proceedings are not meant to allow a petitioner to relitigate his case. *People v. White*, 198 Ill.App.3d 781, 783-84 (1st Dist. 1989). Issues raised in a postconviction petition that were decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal are waived. *Id.* at 784; *see also People v. Tenner*, 206 Ill.2d 381, 392 (2002). However, under the doctrine of fundamental fairness, the court may relax the strict application of *res judicata* where it would be fundamentally unfair to the defendant to preclude consideration of the issues. *White*, 198 Ill.App.3d at 785; *People v. English*, 2013 IL 112890, ¶ 22.

¶ 21    A petitioner is barred from retrying issues already litigated in collateral proceedings, including issues already decided in *habeas corpus* proceedings. *See White*, 198 Ill.App.3d at 784 ("Although the petitioner did not raise the identical issues in the post-conviction petition that he raised in the *habeas corpus* petition, the questions were the same in substance. Therefore, petitioner is barred from retrying issues actually litigated and decided in a collateral proceeding"; *People v. Teague*, 228 Ill.App.3d 855, 857 (1st Dist. 1992) ("Under principles of *res judicata*, [petitioner] is precluded from raising, in post-conviction proceedings, issues which have been addressed pursuant to a federal *habeas corpus* petition.")

¶ 22    In the present matter, Brown repeated most of the same claims in his postconviction petition that he previously raised in his *habeas corpus* petition, which were adjudicated on the merits in federal court. Specifically, he raised the same previously-discussed claims: denial of a right to self-representation on direct appeal; failure to be read his *Miranda* rights; a violation of

double jeopardy, an *ex post facto* challenge; failure to be adequately notified of the nature and elements of the charges against him; insufficient evidence to support his convictions; and ineffective assistance of trial and appellate counsel.

¶ 23    While we recognize that Brown proceeded *pro se* in filing his postconviction petition, and his appointed counsel withdrew from representation in the present appeal, we do not see a reason to relax the strict application of the doctrine of *res judicata* on the grounds of fundamental fairness. We note that prior to OSAD filing a *Finley* motion to withdraw as counsel, Brown sought to have the specific attorney assigned to represent him removed, and after OSAD filed its motion, Brown stated in his motion to proceed *pro se* that he also requested OSAD to be removed from his representation. We do not find that these circumstances warrant the invocation of fundamental fairness to relax the application of *res judicata.*

¶ 24    Brown has not presented any arguments refuting the findings of the district court on any of his previously-heard claims, which were denied both procedurally and on the merits in his *habeas corpus* proceedings. We therefore find that the claims are barred by *res judicata* and Brown cannot use postconviction proceedings to relitigate these claims. We further find that the circuit court properly denied these claims in ruling on Brown's postconviction petition.

¶ 25                    Excessive Sentencing Claim

¶ 26    The remaining argument in Brown's postconviction petition is that his new sentence was excessive. After we remanded Brown's case back to the circuit court for resentencing, he was resentenced in 2016 to consecutive prison terms of seventeen years for predatory criminal sexual assault and seven years for aggravated criminal sexual abuse, and he did not appeal from the resentencing. This claim of excessive sentence could have been raised on direct appeal. *See People v. Goerger*, 52 Ill.2d 403, 405-06 (1972) (waiver of arguments that could have been raised on

direct appeal also applies where no appeal was filed). As with Brown's other claims, we find that the circumstances presented do not warrant allowing Brown to proceed with his waived claim.

¶ 27 We furthermore recognize, as the State argues in response to Brown's appeal, that his new sentence falls within statutory limits for his convictions of predatory criminal sexual assault (6-60 years) and aggravated criminal sexual abuse (3-7 years). *See* 720 ILCS 5/11-1.40 (predatory criminal sexual assault); 720 ILCS 5/11-1.60 (aggravated criminal sexual abuse is Class 2 felony); 730 ILCS 5/5-4.5-35 (sentencing range for Class 2 felony is 3-7 years). A proper postconviction petition raises a valid constitutional violation. *See Coleman*, 206 Ill.2d at 277. A sentence that falls within statutory limits does not involve a constitutional question. *See People v. Rademacher*, 2016 IL App (3d) 130881, ¶ 37 ("The alleged excessiveness of a sentence that is within statutory limits does not create a constitutional issue that may serve as the basis for postconviction relief") (citing *People v. Boyd*, 347 Ill.App.3d 321, 331 (1st Dist. 2004)). We therefore find that even if we considered Brown's forfeited excessive sentence claim, it is not properly raised in a postconviction petition as it does not involve a constitutional question.

¶ 28 We determine that the circuit court properly denied Brown's *pro se* postconviction petition as being without merit on each claim.

¶ 29 CONCLUSION

¶ 30 For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 31 Affirmed.